Patrick J. Picariello, J.
These six actions having common issues of law and fact and tried as one, were instituted by the *1059 plaintiff to recover damages for losses arising out of and involving breach of contracts of carriage embodied in bills of lading of defendant common carrier issued to cover shipments of coffee from Brazilian to North American ports and consigned to the plaintiff.
The rights and liabilities of the parties to this litigation are regulated by and subject to the provisions of the Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1300 et seg_.).
The testimony and proofs offered upon the trial indicate that the bags containing coffee beans were in apparent external good order when received by the defendant at its Brazilian ports for carriage to North American ports. It has been further established to the court’s satisfaction, and the evidence of the condition of the respective cargoes as reflected on the defendant’s out-turns clearly indicates, that the bags of coffee claimed to be short weight were “ torn and resewn,” “ recoopered ” and/or “slack” and “stained.” Evidence was also adduced and proffered to establish that the bags used in these shipments were standard and customary 60-kilo bags and were the normal standard Brazilian bags regulated, as far as the weave and weight were concerned, by the Brazilian Government.
The plaintiff having established a prima facie case (“ clean ” bills of lading being prima facie evidence of good order and condition of the various cargoes at the time of delivery to defendant for transportation to plaintiff), the sole issue remaining is whether the defendant has the burden of showing exemption from liability (“ Insufficiency of packing”: Carriage of Goods by Sea Act, § 4, subd. [2], par. [n]; U. S. Code, tit. 46, § 1304, subd. [2], par. [n]) or whether the plaintiff, as part of its prima facie case, must establish the adequacy of packing to overcome defendant’s claim of exemption as a result of its insufficiency.
The court is of the opinion that before the plaintiff may be called upon to establish adequacy of packing, there must be some evidence that the bags were, indeed, insufficiently packed. The testimony and proofs adduced upon the trial preponderately establish to the court’s satisfaction that the cargoes were sufficiently packed. Out of a total of 19,500 bags of coffee received by the defendant for carriage to the plaintiff consignee, 181 bags were either “ short weight,” or “ torn and sewn,” or “ recoopered ” and/or “slack” or “stained”. One bag was unaccounted for. These facts permit a finding by the court that the cargoes were in good condition when received by the defendant for carriage and that the loss or damage sustained by the plaintiff was not a result of “ Insufficiency of packing ”.
*1060 Consequently, in the absence of a showing that the loss was due to ‘ ‘ Insufficiency of packing, ’ ’ plaintiff need not come forward with any evidence showing that the bags were sufficiently or adequately packed in order to establish its prima facie case, even though the credible evidence, in the court’s opinion, overwhelmingly establishes the fact.
Therefore, in order to escape liability, the defendant must prove that it exercised due diligence to avoid and prevent the damage or loss incurred by the plaintiff (U. S. Code, tit. 46, § 1304, subd. [2], par. [q]; Carriage of Goods by Sea Act, § 4, subd. [2], par. [q]).
The record is entirely barren of any evidence to establish what diligence or precaution, if any, were taken by the defendant to prevent sweating or staining of the coffee bags during the time they were on defendant’s vessel and in transportation. Neither is there any evidence to establish the care or lack of care used in loading and unloading the cargoes. Defendant’s witness testified as to the custom and practices of the defendant and its employees in discharging cargoes of similar nature. The court assumes that the same practices are indulged when loading these cargoes onto vessels.
In the court’s opinion, this evidence not only does not establish due diligence but to the contrary clearly indicates to the court that perhaps some other methods might be adopted to prevent damage to future shipments of coffee as a result of defendant’s loading and unloading practices, as testified to by defendant’s own witness. The use of the coffee hook thereby perforating the coffee bags; the removal of coffee beans from the bags while they are being, and in order to be, sewn; corner tears to the coffee bags while they are being lifted from the vessel; and slings and rope bites into the coffee bags; all of which are attendant upon the defendant’s handling of the coffee bags, are not, in the court’s opinion, and do not constitute evidence tending to establish the due diligence required of the defendant in order to exculpate itself from liability herein.
Judgment for plaintiff for $65.09, with interest from January 23, 1950, and costs. Defendant’s defense dismissed on the law and the facts.